

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 10, 2019

**BY ECF**
The Honorable Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Jammal Lindo*, 15 Cr. 854 (SHS)

Dear Judge Stein:

      The Government respectfully submits this letter in advance of the sentencing in this matter, currently scheduled for May 24, 2019, for defendant Jammal Lindo. On September 20, 2018, Lindo pled guilty to participating in a racketeering conspiracy, participating in a narcotics conspiracy, and committing an assault and attempted murder in aid of a racketeering conspiracy on or about August 2, 2016. Pursuant to the plea agreement, the defendant's sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") is 135 to 168 months' imprisonment, with a mandatory minimum sentence of 120 months' imprisonment (the "Stipulated Guidelines Range"). The Probation Department calculated the same Guidelines Range (PSR ¶ 114) and recommends a sentence of 135 months' imprisonment. PSR at 28. For the reasons set forth below, the Government respectfully submits that a sentence within the Stipulated Guidelines Range of 135 to 168 months' imprisonment would be fair and appropriate in this case.

## Background

      The Government has set forth a detailed factual background of this case and this defendant's offense conduct in its letter dated January 27, 2019 regarding the relative culpability of the eight defendants charged in this matter (the "Relative Culpability Letter"). That letter explains the history of the Beach Avenue Crew, which controlled narcotics distribution in its territory for nearly a decade and maintained that control by intimidating outsiders, possessing firearms, and engaging in acts of violence. As explained in the Relative Culpability Letter and as set forth in the PSR, the defendant sold crack cocaine to end users around Beach Avenue and as part of the Beach Avenue Crew for several years until he was arrested in 2017. (PSR ¶ 29). Over the course of his membership in the Beach Avenue Crew, Lindo was responsible for distributing at least 280 grams of crack cocaine, and he possessed firearms to protect the Crew's drug territory from rivals. (*Id*.) On August 2, 2016, the defendant attempted to murder a rival drug dealer and fired multiple shots at the rival, striking one of the rival's friends. (*Id*.) Fellow Beach Avenue Crew members Jaleel Baron and Lessage Jean Baptiste were present at the shooting, acting as lookouts for Lindo. (*Id*.)

Hon. Sidney H. Stein
May 10, 2019
Page 2 of 3

The parties and the PSR agree that the defendant's total offense level is 33. (PSR ¶¶ 14, 69). With a criminal history category of I, the defendant's applicable Guidelines sentencing range is 135 to 168 months' imprisonment—the same Stipulated Guidelines Range in the parties' plea agreement. (PSR ¶¶ 14, 114). The PSR recommends a Guidelines sentence of 135 months' imprisonment.  PSR at 28.

## Applicable Law

The Guidelines are no longer mandatory, but they still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007). The Guidelines range is thus "the lodestar" that "'anchor[s]'" the district court's discretion. *Molina-Martinez* v. *United States*, 136 S. Ct. 1338, 1345-46 (2016) (quoting *Peugh* v. *United States*, 133 S. Ct. 2072, 2087 (2013)).

After making the initial Guidelines calculation, a sentencing judge must consider the factors outlined in Title 18, United States Code, Section 3553(a), and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing outlined in 18 U.S.C. § 3553(a)(2). To the extent a district court imposes a sentence outside the range recommended by the Guidelines, it must "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall*, 552 U.S. at 50).

## A Sentence Within the Stipulated Guidelines Range Is Appropriate

The Government respectfully submits that a sentence within the Guidelines range of 135 to 168 months' contemplated by the plea agreement is warranted in this case. In particular, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for specific deterrence all weigh in favor of a Guidelines sentence.

The seriousness of the offense weighs heavily in favor of a Guidelines sentence. The defendant was a member of a violent street gang whose members sold drugs and protected its territory through shootings and threats of violence. As an enforcer for the Beach Avenue Crew, the defendant actively participated in this activity and, on August 2, 2016, shot at a rival drug dealer in a brazen act of violence, striking the rival's friend. In addition, the defendant possessed firearms on multiple occasions throughout the conspiracy to protect his drug dealing and the Beach Avenue Crew's territory. The defendant's drug dealing was extensive, and he is responsible for flooding the Beach Avenue Crew's territory with more than 280 grams of crack, fueling a damaging drug epidemic. Moreover, while drug dealing inflicts serious harm independent of gang activity, the defendant's membership in the Beach Avenue Crew compounded the harmful impact of his narcotics distribution, which was conducted with, and in furtherance of, the crew's violence.

This defendant is more culpable than the members of the crew who exclusively sold narcotics, for obvious reasons. First, the defendant personally possessed firearms during the course of his membership in both the racketeering and narcotics conspiracies and committed the

Hon. Sidney H. Stein
May 10, 2019
Page 3 of 3

attempted murder of a rival drug dealer, as set forth above.  Second, the defendant was an enforcer for the Beach Avenue Crew whose possession of firearms promoted his personal reputation for violence and, by extension, that of the gang.  A Guidelines sentence is appropriate to provide just punishment for the defendant's dangerous, violent conduct.

The defendant's personal history and characteristics similarly support a Guidelines sentence that will achieve the objective of deterrence and promote respect for the law.  Over the course of his participation in the racketeering and narcotics conspiracies in this case, the defendant sustained a felony drug conviction and sold crack to an undercover officer while in the vicinity of a New Jersey middle school. (PSR ¶ 72-73).  These prior convictions did not deter him from continued criminal activity, including possessing firearms and committing acts of violence on behalf of a violent street gang.  A Guidelines sentence is appropriate to protect the public from future crimes of the defendant and to promote specific and general deterrence.

## Conclusion

For the reasons set forth above, the Government respectfully submits that a sentence within the Stipulated Guidelines Range of 135 to 168 months' imprisonment would be fair and appropriate in this case.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: __/s/_____
Maurene Comey
Karin Portlock
Jacob Warren
Assistant United States Attorneys
Southern District of New York
(212) 637-2324 / 1589 / 2264

cc:     James E. Neuman, Esq. (by ECF)