UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

JAMMAL LINDO,

                Defendant.

------

15-CR-854 (SHS)

MEMORANDUM ORDER

SIDNEY H. STEIN, U.S. District Judge.

    On September 20, 2018, Jammal Lindo pled guilty to participating in a racketeering conspiracy (Count One), committing an assault and attempted murder in aid of that conspiracy (Count Four), and participating in a narcotics conspiracy (Count Six). (ECF No. 287.) On July 25, 2019, the Court sentenced Lindo to a prison term of 120 months on each count to run concurrently, followed by supervised release for five years on Count One, three years on Count Four, and five years on Count Six—all to run concurrently. (ECF No. 389.)

    Lindo has now filed a pro se motion requesting appointment of counsel to assist him in moving for compassionate release pursuant to 18 U.S.C. § 3582(c). (ECF No. 471.) He contends that "overbearing conditions in MDC," his obesity, pain from hernia surgery, and his "history of being asthmatic" support his release. (*Id.*) At the threshold, Lindo does not indicate that he has undertaken to first exhaust his administrative remedies before seeking compassionate release. However, the Court need not address this issue in light of the Court's conclusion that appointment of counsel is not necessary, *see United States v. Batista*, No. 01 CR 823(NRB), 2009 WL 5757478, at *1 (S.D.N.Y. Mar. 17, 2009); *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989), and a reduction of Lindo's sentence in the circumstances presented here is not warranted.

    First, at this time, there is no reason to deduce that the MDC—the Metropolitan Detention Center in Brooklyn—is incapable of handling the spread of COVID-19 within its confines. BOP data reflects that 11 inmates at the MDC have tested positive out of a total of 356 completed tests—which amounts to approximately a 3 percent positivity rate. *See COVID-19 Update*, Bureau of Prisons, https://www.bop.gov/coronavirus (last updated August 25, 2020). The facility does not appear to have a significant COVID-19 problem, and as Lindo himself asserts, he will be transferred to a different BOP facility soon.

    Second, Lindo, who is 27 years old, does not contend that he has received improper treatment for his medical conditions while incarcerated. The CDC has highlighted that individuals with moderate to severe asthma may face a higher risk for severe illness from

COVID-19. *See People Who Are at Increased Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last updated June 25, 2020), and the Court is aware that individuals who are obese are more susceptible to "hav[ing] a poorer prognosis once infected." *United States v. Modesto*, 17 Cr. 251 (PGG), 2020 WL 4735340, at *5 (S.D.N.Y. Aug. 13, 2020). However, Lindo has not suggested that he is receiving inadequate treatment for his asthma at the MDC, and if preexisting medical conditions such as obesity were the end of the compassionate-release inquiry, every inmate who suffers from a COVID-19 risk factor would be entitled to release, no matter the severity of his crime or the potential danger of his release to the community. The COVID-19 pandemic itself is not a compelling reason for Lindo's release.

Further, the Court cannot find that the application of the section 3553(a) factors favors Lindo's early release. Indeed, factors such as "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct" weigh against Lindo's release. 18 U.S.C. § 3553(a). The nature and circumstances of the offense are serious. Over the course of his membership in the Beach Avenue Crew, a significant and violent narcotics distribution ring in the Bronx, Lindo was responsible for distributing crack cocaine and possessed firearms to protect the Crew's drug territory from rivals. (PSR ¶ 29.) Lindo attempted to murder a rival drug dealer and fired multiple shots at the rival, striking one of the rival's friends. (*Id.*) Further, defendant still has approximately 79 months left in his sentence, which is a full 65.8 percent of his sentence.

Accordingly, IT IS HEREBY ORDERED that Lindo's motion is denied on the grounds that no extraordinary and compelling reasons exist for his release and the section 3553(a) factors do not weigh in his favor.

Dated:  New York, New York
        August 26, 2019

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

2